UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

John and Sherri Lucas

**REQUEST TO WITHDRAW APPEARANCE**

CHAPTER 13
CASE NO. 4-10-bk 10240

FILED
WILKES-BARRE, PA
2013 AUG 26 AM 11:23
CLERK U.S. BANKRUPTCY COURT

## TO THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:

1. I was employed by True & Walsh, LLP, formally known as True, Walsh & Schubert, LLP and hereinafter referred to as "True & Walsh, LLP", from July 2010 to June 2013.

2. As an employee of True & Walsh, LLP, under True & Walsh, LLP's direction, I handled and worked on the above stated matter. I have never represented John & Sherri Lucas outside my capacity as an employee of True & Walsh, LLP.

3. On or about December of 2010, John and Sherri Lucas executed an engagement agreement with True & Walsh, LLP that True & Walsh, LLP would represent them.

4. Outside of my employment with True & Walsh, LLP, I have never executed an engagement letter with John and Sherri Lucas.

5. To the best of my knowledge and belief True & Walsh, LLP received a flat fee payment of $3,500.00 to represent John & Sherri Lucas in the above stated matter.

6. I have never received any portion of the payments for the representations of John & Sherri Lucas in the above stated matter.

7. In June of 2013 I indicated to True & Walsh, LLP that I was leaving their firm. Attorney Sally True requested if I could recommend an attorney in Pennsylvania to take over the above stated matter. She also indicated that she would compensate that attorney from a portion of the initial retainer.

8. I recommended Attorney Ken Sites who agreed to take over the matter for a flat fee of $1,750.00.

9. Attorney Sally True also requested that I contact John & Sherri Lucas to inform them that I would be leaving the firm and that True & Walsh, LLP would continue to work with them

1

and forward their information to Attorney Ken Sites. I did so by speaking to the clients over the phone and sending them an email, of which I also copied Attorney Sally True.

10. To the best of my knowledge and belief, True & Walsh, LLP have failed to properly transferred the matter over to Attorney Ken Sites, nor have they paid him for such services.

11. Once I have left True & Walsh, LLP I have never agreed to represent John & Sherri Lucas, I have never entered into an engagement/retainer agreement to represent them, nor have I ever received any payments to represent them.

12. The file in the above stated matter and all of the contact information for the clients in the above stated matter are in the custody of True & Walsh, LLP. I do not have access to the True & Walsh, LLP records, and the clients have never signed an authorization form for me to obtain such records.

13. To the best of my knowledge John & Sherri Lucas are currently represented by True & Walsh, LLP.

14. At this time, given that I have never represented John & Sherri Lucas outside my capacity as an employee of True & Walsh, LLP, I would respectfully request to withdraw any appearance on behalf of John & Sherri Lucas and to have my name removed from being associated with the above stated matter.

15. Finally, given that True & Walsh, LLP has always represented John & Sherri Lucas in the above stated matter, as indicated in True & Walsh, LLP's engagement letter, I would request that only their name appear in place of mine.

Dated: August 23, 2013

_____
YIFAT SHALTIEL, ESQ.
Shaltiel & Blumenreich Law, LLC
417 North Cayuga Street
Ithaca, New York 14850
(607) 273-3332